Todd M. Friedman (SBN 216752)
tfriedman@toddflaw.com
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tiffany Tyler, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**LVNV Funding, LLC, Financial Recovery Services, Inc., and Does 1-10, inclusive,**<br><br>Defendants.<br><br>_____ | Case No.<br><br>**Class Action Complaint For Violations Of:**<br><br>**1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and**<br><br>**2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq.**<br><br>**<u>Jury Trial Demanded</u>** |

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendants, LVNV Funding, LLC and Financial Recovery Services, Inc. ("Defendants"), in an effort to deceive consumers and debtors in order to induce them to make payments for alleged debts in violation of state and federal laws.

2. In particular, Plaintiff, Tiffany Tyler ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendants attempted to collect debts from her and other consumers and debtors by systematically sending them mail based collection correspondence that threatened to report debts on credit reports that could not legally be reported and for failing to provide the original creditor's name or account number to inform consumers and debtors of the debt that they owe.

3. Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe that if they did not make payments to Defendants, Defendants would report the debt on their credit report.

4. Defendants' acts and omissions were intentional, and resulted from Defendants' desire to mislead debtors and consumers into making payments that they would not otherwise make.

**5.** Thus, Plaintiff brings class action claims against Defendants, under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b).

## Jurisdiction and Venue

**6.** The Court has jurisdiction over Plaintiff' FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff' RFDCPA claim pursuant to 28 U.S.C. §1367.

**7.** Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendants does business within the Central District of California, and because Plaintiff is a resident of Los Angeles County, California, which is within the Central District of California.

## The Parties

**8.** Plaintiff is a natural person residing in Los Angeles County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "consumer,"

3
**CLASS ACTION COMPLAINT**

under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

9.   Defendant LVNV Funding, Inc. ("Defendant LVNV") is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant LVNV is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Defendant LVNV, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

10. Defendant Financial Recovery Services, Inc. ("Defendant Financial") is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant Financial is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Defendant Financial, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

4
**CLASS ACTION COMPLAINT**

**11.** The debts Defendants attempted to collect from Plaintiff and the putative class

members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as

"consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

## Factual Allegations

**12.** Within one (1) year preceding the filing of this class action lawsuit, Defendant

Financial mailed Plaintiff a collection letter on behalf of Defendant LVNV

("the Letter").

**13.** In the letter, Defendants stated, in relevant part:

> **PLEASE NOTE THAT A NEGATIVE CREDIT BUREAU REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY BY THE CURRENT ACCOUTN OWNER IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS.**

**14.** Further, nowhere does the above cited collection letter provide Plaintiff any

information regarding the original creditor or account number.

**15.** This letter also fails to advise Plaintiff that Defendants cannot report this debt

on Plaintiff's credit report.

**16.** Ultimately, this letter mislead Plaintiff into believing that Defendant can

report on Plaintiff's credit report if Plaintiff does not pay Defendant what they

are requesting without verification of the debt.

**17.** §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5)

**18.** Defendants' conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

    b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

    c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including … (§ 1692e(10);

    d) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)).

## Class Allegations

**19.** Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

**20.** Plaintiff represents, and is a member of the following classes:

6
**CLASS ACTION COMPLAINT**

    a.  All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendants that threatened that non-payment of a debt would lead to the reporting of that debt when such action could not legally taken; or,

    b.  All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendants that failed to disclose the original creditor or account number.

**21.** As a result of Defendants' conduct, Plaintiff and members of the putative class have been deceived and illegal threatened into making payments to Defendants.

**22.** Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**23.** This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff

**CLASS ACTION COMPLAINT**

reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Defendants sent collection letters to debtors and consumers that:

        i. Failed to disclose the original creditor or account number; and,

        ii. Threatened action that could not be legally taken.

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendants should be enjoined from engaging in such conduct in the future.

8
**CLASS ACTION COMPLAINT**

**26.** As a person that received the grossly inadequate and misleading collection letter from Defendants, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

**27.** Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on previously time-barred debts.

**28.** Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

**29.** Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

**30.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in

9
**CLASS ACTION COMPLAINT**

individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

**31.** Defendants has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause of Action: Violation of the Fair Debt Collection Practices Act

**32.** Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

**33.** As a direct proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

10
**CLASS ACTION COMPLAINT**

b.  For statutory damages of $1,000.00 for Plaintiff and each member of

The Class pursuant to 15 U.S.C. §1692k(a)(1)

c.  For actual damages according to proof;

d.  For reasonable attorneys' fees and costs of suit;

e.  For prejudgment interest at the legal rate; and

f.  For such further relief as this Court deems necessary, just, and

proper.

**Second Cause of Action: Violation of the**
**Rosenthal Fair Debt Collection Practices Act**

**34.** Plaintiff incorporates by reference, the preceding paragraphs of this

Complaint.

**35.** As a direct proximate result of Defendants' conduct, Plaintiff and the Class

have suffered actual damages and other harm, thereby entitling them to seek

statutory damages in the amount of $1,000.00 each, actual damages and

reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

**Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the

Class members the following relief against Defendants:

a.  That this action be certified as a class action on behalf of The Class

and Plaintiff be appointed as the representative of The Class;

b.  For statutory damages of $1,000.00 for Plaintiff and each member of

11
**CLASS ACTION COMPLAINT**

The Class pursuant to *Cal. Civ. Code* §1788.30.

c.   .For actual damages according to proof;

d.   For reasonable attorneys' fees and costs of suit;

e.   For prejudgment interest at the legal rate; and

**f.**   For such further relief as this Court deems necessary, just, and proper.

### **Trial by Jury**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated: June 6, 2016


By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**